IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLOBAL CROSSING                        )
TELECOMMUNICATIONS, INC.,              )
a Michigan corporation,                )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )      Case No. 2:09-cv-14686-RHC-RSW
                                       )
MICHIGAN BELL TELEPHONE                )      Hon. Sean F. Cox
COMPANY, also known as AT&T-           )
Michigan, a Michigan corporation.      )
                                       )
            Defendant.                 )


## STIPULATION AND PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c)(7), IT IS HEREBY STIPULATED

AND AGREED by the undersigned counsel for plaintiff Global Crossing

Telecommunications, Inc. and counsel for plaintiff Michigan Bell Telephone Company

("AT&T Michigan"), that discovery in the above-entitled action may involve the production

of information that the parties may consider to be confidential consistent with Fed.R.Civ.P.

26(c)(7). The parties would not share confidential information in the ordinary course regarding

subjects that are encompassed by the discovery requests in this matter without a confidentiality

order.


ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED that:

1.      All information produced during pretrial discovery in this case will be-used solely for the

purposes of this litigation and not for any other purpose, including any business purpose, and

will not be used or disclosed outside the context of this litigation.

1

2.     Nothing in this Stipulation and Protective Order is intended to constitute an agreement regarding the scope of discovery.

3.     This Stipulation and Protective Order is intended to apply to all information produced during pretrial discovery.

4.     Any document, deposition testimony, interrogatory response, response to requests for admissions, or other information given by or on behalf of the parties (or any of their attorneys or other agents), or by or on behalf of non-parties (or any of their attorneys or other agents), including documents or other information in electronic format, and all information derived therefrom concerning trade secrets, or other confidential research, development, or commercial information may be designated "Confidential" within the meaning of this Stipulation and Protective Order. The producing party shall designate material as "Confidential" only where the producing party has a reasonable, good faith belief that the information so designated is or contains a trade secret, or other confidential information within the meaning of Federal Rule of Civil Procedure 26(c)(7), and that the material requires the special protection provided by those designations.

5.     Any material designated "Confidential" as set forth in paragraph 4 of this Stipulation and
Protective Order, shall be so designated by stamping or otherwise printing the legend "Confidential" on each page of the material at the time of its production. Inadvertent failure to designate a document as "Confidential" may be corrected by providing supplemental written notice, as soon as practical.

6.     Unless otherwise consented to by the producing party or ordered by the Court, material designated as "Confidential" shall not be disclosed to any person other than the following:

2

a.  counsel of record for the parties in the above-captioned action, including in-house counsel and other outside litigation counsel engaged in assisting counsel of record on this case and their secretaries, paralegals or other support personnel involved in this litigation;

b.  employees of the parties who have a need to view the documents in order
    to assist in prosecuting or defending this litigation ("Party Employees").

c.  outside experts and/or consultants who are not employees of any party and who are expressly retained to assist counsel of record for the parties solely for the prosecution or defense of this litigation or the preparation of this action for trial, including but not limited to, independent auditors, accountants, statisticians, economists and other experts, and the employees of such persons ("Outside Experts");

d.  witnesses at a deposition, if the respective witness is an employee of the producing party, an Outside Expert, a former employee of a party, or such other person with prior knowledge of the "Confidential" information, including any person who was, or whom counsel for any party in good faith believes to have been, a participant in a communication or other act and from whom verification of that communication or other act is sought, provided that only the deposition reporter, deponent and other persons qualified pursuant to this paragraph are present; and

1931219.03

e.     the Court.

7.     Any person who is given access to material designated as "Confidential" shall, prior to being given access to any "Confidential" information, read this Stipulation and Protective Order, and shall execute a sworn statement, in the form annexed hereto as Exhibit A, indicating that he/she has read this Stipulation and Protective Order and will abide by its terms. The sworn statements referenced above shall be kept and maintained by counsel.

8.     Any deposition transcript or videotaped deposition containing material designated as "Confidential" shall be marked on the cover "Confidential" and shall indicate as appropriate within the deposition transcript and on the deposition videotape that information has been so designated. A party may designate any portion of the deposition transcript or deposition videotape as "Confidential" by so advising the deposition reporter, who shall accordingly indicate in the deposition transcript and on the deposition videotape what portion(s) of the testimony (or exhibits thereto) were so designated or by so advising all other parties within thirty business days after receipt of the transcript. Nothing in this Stipulation and Protective Order shall prevent an employee of a party or outside litigation counsel (whether or not counsel of record) from amending any deposition as permitted by the Federal Rules of Civil Procedure, except that only persons entitled to view material designated as "Confidential" shall be present when such material is disclosed at a deposition. Counsel for the party seeking to disclose material designated as "Confidential" at a deposition shall, prior to disclosing such information, advise counsel for all other parties that the appropriate safeguards can be taken to ensure that only persons entitled to receive such information pursuant to the terms of this Stipulation and Protective Order are present when such information is disclosed.

9.     In the event that counsel for any party determines to file with, or submit to the Court, any material designated as "Confidential," or any papers revealing such information, such documents shall be filed in a sealed envelope bearing the caption of this action, the words "Confidential" and a statement in substantially the following form:

> This envelope contains documents that are subject to an Order entered by the Court in this action governing discovery and the use of confidential discovery material. The envelope shall not be opened nor the contents thereof displayed or revealed except by Order of the Court. Violation thereof may be regarded as contempt of the Court.

10.     Nothing contained in this Stipulation and Protective Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court any "Confidential" information. With respect to the use of "Confidential" information at trial or in any hearing before the Court, the party expecting to use such material shall give reasonable advance notice to the producing party. A party who initially produced and designated material as "Confidential" may give notice to the other party that it is eliminating a previous designation of a document or other material as "Confidential." In that event, if the document or other material is used as an exhibit at trial, all deposition statements and all markings indicating that the document or material had previously been designated by the party as "Confidential" shall be removed from the material and from the tape of a videotaped deposition prior to offering the deposition testimony or document or material into evidence.

11.     Any person receiving material designated as "Confidential" shall not disclose such information to any person who is not entitled to receive such information. Nor shall such persons use the "Confidential" information in any manner inconsistent with this Stipulation and

1931219.03

Protective Order. All persons afforded access to "Confidential" information pursuant to this Order shall keep that information secure in accordance with the purposes and intent of this Order and shall adopt all reasonable precautions to assure continued confidentiality, including precautions against unauthorized copying, use or disclosure of the "Confidential" information.

12.     Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information. Nor shall this Stipulation and Protective Order be construed to prevent any party or its counsel or Outside Experts from making use as they see fit of documents or information that the party can demonstrate were lawfully available to the public or lawfully in the possession of the party, counsel or expert prior to another party's providing them, or which properly came into the possession of the party, counsel or expert independent of any work on this litigation.

13.     Nothing contained in this Stipulation and Protective Order, or any designation of confidentiality or restriction hereunder, or any failure to make such designation, shall be used or characterized by any party as an "admission" by a party opponent.

14.     Entry of this Stipulation and Protective Order shall be without prejudice to any motion for relief from the provisions hereof or to any other motion for further restriction on the production, exchange or use of any document or other information in the course of this action, provided, however, that no such motion shall be made after the entry of a final judgment or settlement. If a party disagrees with a producing party's designation of information as "Confidential," such party shall provide to the producing party written notice of its disagreement and specifically identify the information in dispute. If the dispute cannot be resolved informally, the party challenging the designation must file a motion seeking relief no later than 30 days before the trial date. The party who designated the information

as "Confidential" shall bear the burden of demonstrating that the information is confidential. Pending the Court's ruling, the party contesting the designation shall continue to treat the information in the manner required by this Order.

15.     The inadvertent production of any privileged or otherwise protected information, as well as the inadvertent production of information without an appropriate designation of confidentiality or restriction, shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or of the confidential or restricted nature of any such information. Upon receiving written notice from the producing party that privileged information or work product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the producing party within five business days of receipt of such notice.  Any analysis, memoranda or notes which were internally generated by the receiving party based upon such information shall be destroyed. Upon receiving written notice from the producing party, pursuant to paragraph 4, that "Confidential" or information has not been appropriately so designated, all such information shall be immediately re-designated and treated appropriately. The party receiving such material re-designated as "Confidential" shall make a reasonable, good faith efforts to ensure that any analysis, memoranda or notes that were internally generated based upon such information shall immediately be treated in conformance with any such redesignation.

16.     In the event a party produces two or more identical or substantially identical copies of a document and any such copy or substantially identical copy is designated with a lesser degree of confidentiality and/or restriction than any other copy, all such identical or substantially identical

documents shall be treated in accordance with the most restrictive designation on any copy or substantially identical copy once the inconsistent designation is known. The producing party shall be responsible for informing the party receiving the inconsistently designated information of the inconsistent designation.

17.     All provisions of this Stipulation and Protective Order restricting the use of information obtained during discovery shall continue to be binding after the conclusion of this action, including all appeals, until further Order of the Court, unless the parties agree otherwise in writing. Any and all originals and copies of documents, or other information designated as "Confidential" shall, at the request of the producing party, be returned to the party within thirty days after a final judgment herein or settlement of this action or destroyed in that time frame (except that outside counsel for each party (whether or not counsel of record) may maintain in its files one copy of each pleading filed with the Court, and each written discovery request and response.)   In the event that documents are returned to or destroyed at the request of the producing party, the other party shall certify in writing that to the best of his or her knowledge, all such documents have been returned or destroyed.

18.     Neither this Stipulation and Order, nor any party's designation of information as "Confidential," shall affect the admissibility into evidence of the information so designated.

19.     The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.

SO ORDERED on ____August 25___, 2010.

s/ Sean F. Cox
Sean F. Cox
United States District Judge

1931219.03

AGREED AND APPROVED AS TO FORM:

| | |
|---|---|
| GLOBAL CROSSING<br>TELECOMMUNICATIONS, INC. | MICHIGAN BELL TELEPHONE COMPANY<br>d/b/a AT&T MICHIGAN |

By: /s/ Eric A. Linden

**JAFFE, RAITT, HEUER & WEISS, P.C.**
Eric A. Linden (P33249)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
elinden@jaffelaw.com


Of Counsel:
Danny E. Adams
Ira Kasdan
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, D.C. 20007
(202) 342-8400 (O)
(202) 342-8451 (F)

Michael J. Shortley, III
GLOBAL CROSSING NORTH
    AMERICA, INC.
225 Kenneth Drive
Rochester, NY 14623
(585) 255-1429 (O)
(585) 334-0201 (F)

By: /s/ Demetrios G. Metropoulos

**MAYER BROWN LLP**
Theodore A. Livingston
Demetrios G. Metropoulos
71 South Wacker Drive
Chicago, Illinois 60606-4637
(312) 782-0600
tlivingston@mayerbrown.com
demetro@mayerbrown.com

Lisa Bruno (P52954)
Michigan Bell Telephone Company
444 Michigan Avenue, Room 1750
Detroit, Michigan 48226
(313) 223-8188
lb2872@att.com

9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

GLOBAL CROSSING      )
TELECOMMUNICATIONS, INC.,      )
a Michigan corporation,      )
     )
       Plaintiff,      )
     )
       v.      )    Case No. 2:09-cv-14686-RHC-RSW
     )
MICHIGAN BELL TELEPHONE      )    Hon. Sean F. Cox
COMPANY, also known as AT&T-      )
Michigan, a Michigan corporation.      )
     )
       Defendant.      )

## ACKNOWLEDGMENT REGARDING
## STIPULATION AND PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered on _____, 2010 in the above-captioned action; that he/she fully understands the terms thereof; that he/she agrees to be bound by its terms.

DATED:

_____
[NAME]

1931219.03